J. S. CULLINAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29506. Promulgated May 12, 1930.

*John Walsh, Esq.,* and *L. A. Spiess, Esq.,* for the petitioner.
*J. E. Marshall, Esq.,* and *C. A. Ray, Esq.,* for the respondent.

BLACK: At the hearing the respondent withdrew his contention in regard to the $12,000 received from American Republics Corporation and the Galena-Signal Oil Co., the same issue having been decided adversely to him in the case of this taxpayer for prior years, reported in 5 B. T. A. 996. Therefore, on this issue decision is for the petitioner. In the prior case also was at issue the method of computing profits on the sale of lots in a subdivision. The facts were stipulated to be the same and the lot in question in this proceeding was found to have been sold for $15,340. No new evidence was introduced and, in the final determination of the tax against petitioner under Rule 50, respondent should use the same method of computing the profit on the lot in Shadyside addition to the city of Houston sold to E. H. Buckner in 1922, as we decided in *J. S. Cullinan, supra*, should be used for similar lots sold during the years involved in that proceeding.

The only remaining issue is that in regard to the $29,224.59 advanced by the petitioner to the Peddy senatorial campaign in Texas. He contends that this was in the nature of a loan which he ascertained to be worthless in 1922 and that he is entitled to a deduction of the full amount as a bad debt.

Section 214 (7), Revenue Act of 1921, permits a deduction from gross income of debts ascertained to be worthless and charged off within the taxable year. The word debts as used in the statute is to be taken in its usual and accepted meaning. A debt, according to Webster, is that which is due from one person to another whether money, goods or services; that which one person is bound to pay to another or to perform for his benefit; that of which payment is liable to be exacted; due, obligation, liability. Words and Phrases, First Series, vol. 2, 1864, and cases there cited. A debt is defined to be in its general sense a specific sum of money, which is due or owing from one person to another, and denotes not only the obligation of the debtor to pay, but the right of the creditor to receive and enforce payment. *Campbell* v. *City of Indianapolis*, 57 N. E. 920; 155 Ind. 187.

Before a deduction can be allowed on account of a worthless debt it is essential that the existence of a valid debt be established. *Missouri Valley Bridge & Iron Co.*, 14 B. T. A. 1162. In the case of *Federal Fuel Co.*, 3 B. T. A. 814, we said:

If the debtor was not legally liable to the taxpayer, then there was no debt to become worthless. It can not become worthless because of inability to establish legally the liability for the debt, for in such a case there is not an ascertainment of worthlessness of an existing debt, but an ascertainment of the nonexistence of such a debt.

In the instant case the petitioner made a contribution of $5,000 to the Peddy Senatorial Committee and at or about the same time made an advancement of $30,000 more to the campaign committee to meet obligations of the campaign which were then pressing. It was understood and agreed that petitioner was to be reimbursed for this $30,000 out of collections which the committee expected to make from certain individuals which the committee had listed as prospective contributors. It was not contended by the petitioner that the committee agreed to be personally liable to him for the $30,000 or any part thereof, but only to reimburse him out of the proceeds of collections to be made. All that petitioner ever received in repayment was $775.41, and the balance, amounting to $29,224.59, it seems he will have to charge up to experience. If he had sued the members of the committee for the balance due, they would have doubtless entered the plea that they were not personally responsible for the debt and had only agreed to pay out of moneys collected and that after diligent effort they had been able to return petitioner only $775.41. The debts which the statute permits to be charged off when ascertained to be worthless are debts where there is an obligation of the debtor to pay and a right of the creditor to receive and enforce payment.

We hold that petitioner's claim against the Peddy Committee fails to meet this test and that respondent did not err in refusing to allow petitioner to take same as a bad debt deduction from gross income in 1922.

*Judgment will be entered under rule 50.*