Independent Oil Company v. Commissioner.
Independent Oil Co. v. Commissioner
Docket No. 4137.
United States Tax Court
1945 Tax Ct. Memo LEXIS 348; 4 T.C.M. (CCH) 36; T.C.M. (RIA) 45013; January 13, 1945
*348 John E. O. Feller, C.P.A., 1010 Vermont Ave., N.W., Washington 5, D.C., for the petitioner. P. A. Bayer, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion HILL, Judge: This proceeding involves income tax deficiencies for the years 1940 and 1941 in the amounts of $795.97 and $1,764.91, respectively. Petitioner claimed deductions from gross income of $8,081.13 and $9,064.22 in each of these years as bad debts. Petitioner is a Delaware corporation and its tax returns for the years in question were filed with the collector of internal revenue at Richmond, Virginia. Findings of Fact Petitioner is a Delaware corporation domiciled in Arlington, Virginia. Its entire capital stock is owned by four stockholders, three of whom are also directors and officers. It handles the products of Cities Service Oil Company on a commission basis, and is also engaged in selling and servicing oil burners. On September 16, 1935, the petitioner entered into an agreement with Reinhold D. Schoenwetter, the owner of certain patents covering a new type of oil burner, under which the petitioner was granted the exclusive right to the use of these patents. Petitioner agreed *349 to pay Schoenwetter five percent of the net wholesale price to dealers of the oil burners manufactured under the patents on the actual money received. The petitioner further agreed to give Schoenwetter 10 percent of the net profits received on the sale of oil burners manufactured and sold by it under the patents, the amount to be payable only from actual net cash profits received by the petitioner on the sale of the burners. On January 15, 1937, the petitioner and Schoenwetter entered into another agreement in which Schoenwetter agreed to assign all his right in the patents to a new corporation to be organized with a capitalization of $100,000. The new corporation was to issue 15 percent of its stock to Schoenwetter and the remaining 85 percent to the stockholders of petitioner. The petitioner agreed that Schoenwetter should receive 5 percent of the net wholesale price of the oil burners actually received in cash by the new corporation and that it would retain the services of Schoenwetter at an adequate compensation. The agreement further provided that the new corporation would pay petitioner $13,000 representing money spent in development of the oil burner. Thereafter, Swirling *350 Heat, Inc., a Delaware corporation, was organized and all of its stock was issued to petitioner's stockholders and Schoenwetter. Petitioner transferred its oil burner manufacturing business to Swirling Heat, Inc., in consideration of the issuance to petitioner's stockholders of 85 percent of Swirling Heat's stock. Prior to January 1, 1940, Swirling Heat, Inc., received from petitioner at various intervals $66,830.92. During 1940 and 1941 it received from petitioner $13,980.38 and $17,911.01, respectively. At the close of 1940 petitioner charged off as bad debts $8,081.13 and for 1941 made a similar charge off of $9,064.22, claimed to be owed to it by Swirling Heat, Inc. Opinion The sole issue is whether certain moneys received by Swirling Heat, Inc., from petitioner during 1940 and 1941 are deductible by petitioner as business expenses or as bad debts. In filing its tax returns petitioner claimed these deductions as bad debts but in its petition and brief it is claimed that, in the alternative, these amounts are business expenses and deductible as such. To take advantage of the deduction allowed for bad debts it is incumbent upon petitioner to show that in fact a valid and enforceable *351 debt existed. J. S. Cullinan, 19 B.T.A. 930. Inasmuch as there is not sufficient evidence to show that Swirling Heat, Inc., or petitioner regarded these sums as debts we hold that they are not deductible from petitioner's income under section 23 (k) of the Internal Revenue Code. The alternative plea is that these amounts are deductible as business expenses. We think respondent has correctly determined that they are not so deductible. The record shows that petitioner disposed of its oil burner manufacturing business to a new corporation whose entire stock was owned by petitioner's stockholders and Schoenwetter. It is obvious that the stockholders of petitioner used the petitioner's money to finance their own investment. There was no obligation on the part of petitioner to pay these sums to Swirling Heat, Inc., and there is no evidence of any relationship between petitioner's business and the business activities of Swirling Heat, Inc., which would justify our finding that the amounts so expended were necessary to the conduct of petitioner's business. Interstate Transit Lines v. Commissioner, 319 U.S. 590, and Esmond Mills, et al. v. Commissioner, 132 Fed. (2d) 753. *352 On the record before us we hold that the moneys received by Swirling Heat, Inc., from petitioner during the tax years in question are not deductible from petitioner's gross income as business expenses or as bad debts. For lack of proof on both issues, respondent's determination is sustained. Decision will be entered for respondent.